UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LifeMD, Inc.<br><br>     Plaintiff,<br><br>  v.<br><br>Liferx.MD Inc.<br><br>    Defendant. | Case No:<br><br>**COMPLAINT** |

Plaintiff LifeMD, Inc. ("LifeMD"), by and through its undersigned attorneys, hereby makes this Complaint against Defendant Liferx.MD Inc. ("Liferx.MD") as follows:

## JURISDICTION AND VENUE

1.      This action arises under the United States Lanham Act, 15 U.S.C. § 1051 *et seq.* and contains related New Jersey statutory and common law claims. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental subject matter jurisdiction over LifeMD's state law claims pursuant to 28 U.S.C. § 1367(a), since they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      This Court has personal jurisdiction over Liferx.MD because its principal place of business is in Cherry Hill, New Jersey.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1), as well as § 1391(b)(2), in that this is the judicial district in which a substantial part of the acts or omissions giving rise to the claims occurred.

## NATURE OF ACTION

4.      This is an action for trademark infringement, unfair competition and false designation of origin and false advertising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A) and (B), trafficking in counterfeit marks under N.J.S.A. § 56:3-13.16, statutory unfair competition under N.J.S.A. § 56:4-1 *et seq.*, and common law unfair competition under New Jersey law.

## PARTIES

5.      Life MD, Inc. is a Delaware corporation with its principal place of business at 236 Fifth Avenue, New York, NY 10001.

6.      Liferx.MD Inc. is a Delaware corporation with its principal place of business at 401 Cooper Landing Road, Cherry Hill, NJ 08002.

## SUMMARY OF FACTS

7.      LifeMD is a patient-centric telehealth company dedicated to delivering seamless end-to-end virtual healthcare.

8.      LifeMD's flagship virtual primary care offering provides consumers with access to an affiliated, licensed, medical provider for a variety of care needs via telehealth.

9.      Through its online platform, LifeMD's array of synchronous and asynchronous telehealth offerings provide seamless access to high-quality care, including virtual consultation and treatment, prescription medications, diagnostics, wellness coaching, and more.

10.      LifeMD's mission is facilitated by its robust technology platform that is purpose-built to seamlessly connect various touchpoints involved in delivering high-quality care, including scheduling across a 50-state, affiliated medical group, integrated electronic medical records

("EMR"), secure synchronous and asynchronous communication, customer care support, digital prescriptions, over-the-counter (OTC) offerings, pharmacy capabilities, and more.

11.    LifeMD's platform enables it to deliver modern personalized health experiences and offerings through its websites and mobile applications, reducing complications, cost, and time for consumers.

12.    Since February 2021, LifeMD has marketed and sold its goods and services using the well-known "LifeMD" trademark and service marks (the "LifeMD Marks").

13.    As a result of the continuous and extensive use of the LifeMD Marks, LifeMD was granted both valid and subsisting federal statutory and common law rights in and to the LifeMD Marks.

14.    LifeMD is the rightful owner of the LifeMD Marks, which are federally registered trademarks on the Principal Register:

   a.    U.S. Trademark Registration number 7300676 for the trade and service mark "LifeMD" in connection with the provision of medical services, telehealth, telemedicine, remote care, and virtual health care services by health care professionals via the internet or telecommunication networks; Providing online concierge medical services, namely, coordinating and scheduling appointments for personal and not business purposes, providing communication services between health care professionals and patients for diagnosis and treatment of medical conditions; providing telehealth, on-line concierge medical services, namely, coordinating and scheduling appointments for personal and not business purposes, providing communication services between health care professionals and patients and on-line health care services for diagnosis and treatment of medical conditions

# LIFEMD

b.  U.S. Trademark Registration number 7037711 for the trade and service mark "LifeMD" in connection with the provision of medical services, telemedicine, remote care, and virtual health care services by health care professionals via the internet or telecommunication networks; providing virtual primary medical services for diagnosis and treatment of medical conditions; providing virtual primary medical services and on-line health care services for diagnosis and treatment of medical conditions.



15.    Since at least February 2021, LifeMD has continuously used the LifeMD Marks in commerce throughout the United States in connection with its provision of telehealth services.

16.    The LifeMD Marks are distinctive to both the consuming public and LifeMD's industry.  The superiority of LifeMD's branded services is not only readily apparent to consumers, but to industry professionals as well.

17.    LifeMD has expended substantial time, money, and other resources developing, advertising, and otherwise promoting and protecting the LifeMD Marks.  As a result, telehealth

services offered under the LifeMD Marks are widely recognized and exclusively associated by consumers and the industry as being high-quality.

18.     Since 2021, LifeMD has worked to build significant goodwill in the LifeMD brand in the United States.  LifeMD has spent substantial time, money, and effort to develop consumer recognition and awareness of the LifeMD brand through its websites, online and hard copy advertising, social media promotion, television, radio, and attending industry trade shows.

19.     LifeMD branded services reach a vast array of consumers throughout the country. To date, approximately one million individuals have purchased its products and services.

20.     LifeMD's services branded under the LifeMD Marks have been widely accepted by, and are popular with, the consuming public.  The widespread fame, outstanding reputation, and significant goodwill associated with the brand have made the LifeMD Marks invaluable assets.

**Defendant's Infringing Activities**

21.     By reason of LifeMD's ownership of the United States trademark registration for the LifeMD Marks, Defendant has, at least, constructive notice of LifeMD's rights in and to the LifeMD Marks.

22.     Defendant operates a healthcare platform which it describes as focused on providing healthcare services and connecting patients with licensed healthcare providers who can prescribe treatments.

23.     To facilitate its provision of those services, Defendant operates websites with at least the following domain names: liferx.md and liferxtelemd.com.

24.     Defendant also utilizes the mark "LifeRx.md" in connection with its advertising, offering for sale, and sale of telehealth services.

25.     This mark is confusing similarly to the LifeMD Marks.

5

26.     In addition to the mark "LifeRx.md," Defendant utilizes other marks which are confusingly similar to the LifeMD Marks, such as "Life md".

27.     Defendant also makes use of a design that is deliberately similar to the LifeMD Marks by incorporating LifeMD's distinctive color scheme with cross symbol, as demonstrated as follows:



28.     Defendant's choice to use the "LifeRx.md" and "Life md" marks, as well as the foregoing design, is deliberately intended to trade on the goodwill associated with the LifeMD Marks.

29.     Because Defendant's use of the offending marks has created the false impression that Defendant's goods and/or services originate from LifeMD, and/or that LifeMD is somehow connected or associated with Defendant's goods and/or services, on or about August 22, 2024, LifeMD, through its counsel, sent a demand letter to Defendant.  In the demand letter, LifeMD informed Defendant about LifeMD's long standing trademark rights, and included therein LifeMD's demand that Defendant immediately cease and desist from further use of the LifeRx.md mark and to remove it from use from any and all materials including, but not limited to, domain names, advertising material, promotional material, and corporate documents.

30.     Due to the notice and communication received by Defendant, Defendant also has actual knowledge of the scope and extent of LifeMD's trademark rights in and to the LifeMD Marks.

31.     Defendant, without any authorization or license from LifeMD, has knowingly and willfully used, and continues to use, the LifeMD Marks in connection with its advertisement, distribution, offering for sale, and sale of telehealth and telemedicine services throughout the United States.

32.     Defendant has intentionally chosen not to resolve this infringement matter.  Despite its receipt of LifeMD's demand letter, Defendant has purposefully failed to take any corrective measures in response to LifeMD's reasonable demands.

33.     Defendant offers substantially similar services to LifeMD, which it advertises and offers for sale using marks which bear a materially confusing resemblance to the LifeMD Marks. Upon information and belief, its use of such marks is designed to deceive consumers into believing that the services are those of LifeMD, or that those services are otherwise connected to, associated with, or endorsed by LifeMD.

34.     Defendant's unauthorized use of the LifeMD Marks in connection with the advertising, offering for sale, and sale of telehealth and telemedicine services, is likely to cause and has caused confusion, mistake, and deception by and among the consuming public and is irreparably harming LifeMD.

35. Underscoring the risk of mistake and the likelihood for confusion, a well-known social media influencer that was recently attempting to promote a product on behalf of Defendant tagged LifeMD using LifeMD's Instagram handle, which consists solely of the LifeMD mark following the @ sign, as demonstrated by the following embedded image:



36.     Further, Defendant has deliberately sought to benefit and profit from the likelihood of confusion and risk of mistake caused by its unauthorized use of the LifeMD Marks by bidding on the LifeMD Marks through the Google Ads platform. As a result, the confusingly similar www.liferx.md website is prominently displayed after a consumer has searched for LifeMD through Google's search function, which causes consumers who otherwise intended to visit LifeMD's website to mistakenly navigate to Defendant's, as demonstrated by the following embedded image of a recent example:



37.     Defendant has acted in willful and intentional disregard of the actual confusion and likelihood of confusion among the consuming public, with the specific intent to deceive and mislead consumers as to the affiliation and sponsorship of the goods and services offered by Defendant.

38.     In addition to its federal trademark registrations, Plaintiff owns and enjoys valid, enforceable and fully subsisting common law trademark rights in the LifeMD Marks through the United States.

39.     LifeMD has been, and will continue to be, damaged by the acts of Defendant.

40.     Moreover, LifeMD's goodwill has been, and will continue to be, damaged by the acts of Defendant, unless those acts are enjoined.

## FIRST CLAIM FOR RELIEF
(Trademark Infringement, 15 U.S.C. § 1114)

41.     LifeMD realleges, and incorporates herein by reference, the allegations contained in all the preceding paragraphs as though fully set forth herein.

42.     Defendant has infringed upon the LifeMD Marks by way of its unauthorized use in commerce of the LifeMD Marks and/or confusingly similar variations thereof, despite demand by LifeMD to cease same in connection with their advertising, marketing, and provision of telehealth and telemedicine services, as alleged herein. Such unauthorized and infringing use of the LifeMD Marks is likely to cause and has caused confusion, mistake, or deception by or among consumers.

43.     Defendant's acts, alleged herein, constitute willful trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     By reason of Defendant's actions, LifeMD has suffered irreparable harm to its invaluable trademarks and the goodwill associated therewith. LifeMD has been, and unless Defendant is preliminarily and permanently restrained from its actions, will continue to be, irreparably harmed. LifeMD has no adequate remedy at law and, therefore, seeks injunctive relief under 15 U.S.C. § 1116.

45.     Defendant knew or should have known that its use of the LifeMD Marks was likely to confuse and mislead consumers as to the source of its services. Indeed, as alleged above,

10

Defendant was well aware that the acts complained of herein would result in consumers being confused. It was that very confusion that Defendant hoped to and did, upon information and belief, profit from. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a).

46.     As a direct and proximate result of the foregoing acts, practices, and conduct of Defendant, LifeMD has been substantially injured, resulting in lost revenues, lost profits, loss of goodwill, diminished reputation, and other damages in an amount to be proven at trial, but which otherwise exceeds $75,000. The wrongful actions of Defendant also require Defendant to pay its profits to LifeMD as a remedy pursuant to 15 U.S.C. § 1117(a).

47.     Defendant's acts were, are, and continue to be, willful and, as such, LifeMD is entitled to recover reasonable attorneys' fees and costs under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
(False Designation of Origin, 15 U.S.C. § 1125(a))

48.     LifeMD realleges, and incorporates herein by reference, the allegations contained in all the preceding paragraphs as though fully set forth herein.

49.     LifeMD owns the federally registered LifeMD Marks, as set forth in more detail in the foregoing paragraphs.

50.     Defendant, without authorization from LifeMD, has used in commerce spurious designations that are identical with, or substantially indistinguishable from, the LifeMD Marks in connection with the same or virtually the same services covered by the LifeMD Marks.

51.     Defendant's unauthorized and wrongful use in commerce of the LifeMD Marks in connection with the distribution, advertising, promotion, offering for sale, and/or sale of Defendant's services constitutes use of a symbol, device, false designation of origin, and representation of fact that is likely to cause confusion, mistake, and/or deception as to the affiliation, connection, endorsement, and association of Defendant with LifeMD and/or as to the

origin, sponsorship and/or approval of Defendant's services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.     Defendant had actual knowledge of LifeMD's rights.  Defendant's conduct is willful and reflects Defendant's intent to trade on and exploit the goodwill and strong brand recognition associated with LifeMD and the LifeMD Marks.

53.     Defendant's acts have caused and, unless restrained by this Court, will continue to cause LifeMD to suffer irreparable harm, including, *inter alia*, (a) likelihood of confusion, mistake, and deception among the purchasing public and industry as to the source of Defendant's services; and (b) the loss of Plaintiff's valuable goodwill and business reputation.

54.     LifeMD is entitled to recover from Defendant the damages it has sustained and will sustain as a result of Defendant's wrongful conduct as alleged herein.  LifeMD is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of such wrongful conduct.  LifeMD is presently unable to ascertain the full extent of its damages, or the extent of the gains, profits, and advantages that Defendant has obtained by reason of the wrongful conduct alleged herein.

55.     Defendant's acts have caused, and will continue to cause, irreparable injury to LifeMD, for which LifeMD has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the LifeMD Marks in commerce, LifeMD will continue to suffer irreparable harm.  Pursuant to 15 U.S.C. § 1116, LifeMD is entitled to an injunction restraining Defendant, and all persons acting in concert with Defendant, from engaging in any further such acts of infringement in violation of the Lanham Act.

56.     As a result of Defendant's wrongful conduct, LifeMD has suffered, and will continue to suffer, substantial damages.  LifeMD is entitled to recover actual damages, Defendant's profits, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117 in an amount to be proven at trial.

57.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the LifeMD Marks to LifeMD's great and irreparable harm. Upon information and belief, Defendant's wrongful use of the LifeMD Marks was and continues to be deliberate and willful.  LifeMD is therefore entitled to recover enhanced damages, attorneys' fees and costs incurred in this action.

### THIRD CLAIM FOR RELIEF
(Unfair Competition, N.J.S.A. § 56:4-1 *et seq.*)

58.     LifeMD realleges, and incorporates herein by reference, the allegations contained in all the preceding paragraphs as though fully set forth herein.

59.     Defendant's acts set out above constitute unlawful, unfair, or fraudulent business practices in violation of N.J.S.A. § 56:4-1 *et seq.*

60.     By reason of Defendant's infringing activities, Defendant has damaged and caused irreparable harm to LifeMD and, unless restrained, will continue to damage and cause irreparable injury to LifeMD's goodwill and reputation.

61.     Upon information and belief, Defendant has profited from its unlawful acts.

62.     By virtue of Defendant's unlawful, unfair, or fraudulent business practices in violation of N.J.S.A. § 56:4-1 *et seq.*, Plaintiff is entitled to damages in an amount to be determined at trial, which damages are subject to trebling due to the willful nature of Defendant's violations.

## FOURTH CLAIM FOR RELIEF
(Unfair Competition, N.J.S.A. § 56:4-1 *et seq.*)

63.    LifeMD realleges, and incorporates herein by reference, the allegations contained in all the preceding paragraphs as though fully set forth herein.

64.    Defendant's acts set out above constitute unlawful, unfair, or fraudulent business practices in violation of N.J.S.A. § 56:4-1 *et seq.*

65.    By reason of Defendant's infringing activities, Defendant has damaged and caused irreparable harm to LifeMD and, unless restrained, will continue to damage and cause irreparable injury to LifeMD's goodwill and reputation.

66.    Defendant's acts have injured, and will continue to injure, LifeMD by, among other things, siphoning customers, diluting LifeMD's distinctive marks, confusing consumers, and injuring LifeMD's goodwill and reputation among the consuming public.

67.    Upon information and belief, Defendant has profited from its unlawful acts.

68.    LifeMD has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
(Trafficking in Counterfeit Marks, N.J.S.A. § 56:3-13.16)

69.    LifeMD realleges, and incorporates herein by reference, the allegations contained in all the preceding paragraphs as though fully set forth herein.

70.    Defendant's acts set out above constitute the use, without Plaintiff's consent, of a reproduction, counterfeit, copy, or colorable imitation of the LifeMD Marks in connection with the sale, distribution, offering for sale, and/or advertising of good or services in connection with which the use is likely to cause confusion or mistake or to deceive as to the source of the origin of those goods and services, in violation of N.J.S.A. § 56:3-13.16(a)(1).

71.    Upon information and belief, Defendant has profited from its unlawful acts.

72.    By virtue of Defendant's unlawful conduct in violation of N.J.S.A. § 56:3-13.16(a)(1), Plaintiff is entitled to damages in an amount to be determined at trial.  *See* N.J.S.A. § 56:3-13.16(d).

## SIXTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

73.    LifeMD realleges, and incorporates herein by reference, the allegations contained in all the preceding paragraphs as though fully set forth herein.

74.    Defendant's marketing and sale of services offered to the purchasing public under a mark identical with, or substantially indistinguishable from, the LifeMD Marks is likely to cause confusion, mistake, or deception as to Defendant's affiliation, connection, or association with LifeMD, or as to the origin, sponsorship, endorsement, or approval of Defendant's services and commercial activities.

75.    Defendant's actions alleged herein constitute unfair competition in violation of the common law of the State of New Jersey.

76.    Defendant's unfair competition has caused, and will continue to cause, damage to LifeMD, and is causing irreparable harm to LifeMD for which there is no adequate remedy at law.

77.    As a result of Defendant's acts alleged above, LifeMD has incurred damages in an amount to be proven at trial.

**WHEREFORE**, LifeMD prays for judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, assigns, affiliates, officers, directors, parents, subsidiaries, members, shareholders, and all those in active participation with them, from:

   a. Engaging in any activity that dilutes or tarnishes, or is likely to dilute or tarnish, any of the LifeMD Marks; and

   b. Assisting or authorizing any third party to engage in any of the acts prohibited by the foregoing subparagraphs.

2. Directing Defendant to, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon LifeMD, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

3. Awarding LifeMD all damages sustained as a result of Defendant's unlawful conduct described above, pursuant to 15 U.S.C. § 1117(a) and/or N.J.S.A. § 56:4-2, and that such amount be trebled pursuant to 15 U.S.C. § 1117(b), and/or N.J.S.A. § 56:4-2.

4. Awarding LifeMD all of the gains, profits, savings, and advantages realized by Defendant from its conduct described above, pursuant to 15 U.S.C. § 1117(a) and/or N.J.S.A. § 56:3-13.16(d), and that such amount be trebled pursuant to N.J.S.A. § 56:3-13.16(d).

5. If LifeMD elects, statutory damages as the Court considers just and proper as provided by 15 U.S.C. §§ 1117(b) & (c).

6. Granting LifeMD its full costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

7.  Granting LifeMD both pre-judgment and post-judgment interest on each monetary award.

8.  Granting LifeMD such other and further relief as the Court may deem just and proper.

Dated: December 18, 2025                    KLEIN MOYNIHAN TURCO LLP

                                            By:     */s/ Neil E. Asnen*
                                                    Neil E. Asnen
                                                    450 Seventh Avenue – 40th Floor
                                                    New York, NY 10123
                                                    (212) 246-0900
                                                    nasnen@kleinmoynihan.com


                                            *Attorneys for Plaintiff LifeMD, Inc.*